DOC # ____1____

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MELISSA CONTE,

                                        Plaintiff,

            -against-

MANHATTAN DENTAL ARTS, and
MARC LIECHTUNG, M.D., in his official
and individual capacity,

                                        Defendants.
-------------------------------------------------------------x

05 CV 10468

## COMPLAINT

Plaintiff, MELISSA CONTE, by and through her attorneys Garbar & Garbar, P.C., as and

for her Complaint against the Defendants, alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

1.      This is a Civil Action seeking monetary relief (including past and ongoing

economic loss), compensatory and punitive damages, injunctive relief, and attorneys' fees, costs

and disbursements, for violation of Plaintiff's rights pursuant to 42 U.S.C. § 2000e et seq. (Title

VII of the Civil Rights Act); New York State Executive Law § 296; Title 8 of the Administrative

Code and Charter of New York City; and other State and local causes of action.

2.      Defendants negligently, wantonly, recklessly, knowingly and purposefully, sought

to deprive Plaintiff of her legal rights through a pattern of discrimination, retaliation,

misrepresentation, misinformation, abuse and manipulation of laws.

3.      Defendants' said acts were done knowingly with Defendants' consent and

condonation with the express purpose of punishing, silencing, isolating, removing and retaliating

against Plaintiff and generally violating Plaintiff's rights protected by Federal, State and local

statutes, rules and regulations.  Said activities were known to Defendants and were accepted and supported as policy, practice and custom.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is evoked under 28 U.S.C. § 1331(a), § 706(f)(3) of Title VII, and 42 U.S.C. § 2000e-5(f)(3).  Pendant and/or supplemental jurisdiction over Plaintiff's State and local law claims is proper pursuant to 28 U.S.C. § 1367.

5.      Venue herein is proper under 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff, MELISSA CONTE, is a resident of the State of New York and resides at 420 East 80th Street, #3B, New York, New York 10021.

7.      Upon information and belief, Defendant, MANHATTAN DENTAL ARTS ("Manhattan Dental"), is a privately held company and domestic corporation of the State of New York, which is located at 1995 Broadway, Suite 200, New York, New York 10023.

8.      Defendant, DR. MARC LIECHTUNG ("Liechtung"), is an owner and president of Defendant Manhattan Dental.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Plaintiff is a female.

10.     Plaintiff was employed as a personal administrative assistant by Defendants Manhattan Dental Arts and Liechtung (collectively referred to as "Manhattan Dental"), from in and around October 2004 until she was unlawfully terminated in and around January 2005.

11.     During her employment by Defendants, Plaintiff was sexually harassed by her boss, Defendant Liechtung, an owner and president of Manhattan Dental.

12.     On numerous occasions during Plaintiff's employment, Defendant Liechtung

2

made unwelcome sexual advances towards Plaintiff.

13.    During Plaintiff's employment, Defendant Liechtung grabbed Plaintiff's breasts.

14.    During Plaintiff's employment, Defendant Liechtung asked Plaintiff if her breasts were fake and then grabbed her breasts to "make sure" that they were not fake.

15.    During Plaintiff's employment, Defendant Liechtung grabbed Plaintiff's buttocks.

16.    During Plaintiff's employment, Defendant Liechtung grabbed Plaintiff's buttocks in the presence of other persons at Defendants' offices.

17.    During Plaintiff's employment, Defendant Liechtung exposed his penis to Plaintiff on three separate occasions and asked her to perform oral sex on him.

18.    During Plaintiff's employment, Defendant Liechtung made inappropriate sexual harassing remarks and comments to Plaintiff.

19.    During Plaintiff's employment, Defendant Liechtung made inappropriate sexual harassing remarks and comments about Plaintiff.

20.    Shortly after Plaintiff began her employment and throughout Plaintiff's employment by Defendants, Defendant Liechtung asked Plaintiff inappropriate questions about her personal life.

21.    A few days after Plaintiff started her employment at Manhattan Dental, Defendant Liechtung asked her to go out for drinks with him, and told her that it was business related. During their conversation, Defendant Liechtung asked Plaintiff if she would date him.

22.    During Plaintiff's employment, Defendant Liechtung asked Plaintiff to have sexual intercourse with him and to be his mistress, stating that he would pay her off the books.

23.    On one occasion, Defendant Liechtung called Plaintiff into his office and told her that he had hired her because of her physical appearance, not her resume; that she has the body of

a stripper; and that "her legs would look good wrapped around a pole."

24.     During Plaintiff's employment, Defendant Liechtung constantly called Plaintiff into his office to make sexual advances and flirt with her.

25.     During Plaintiff's employment, Defendant Liechtung told Plaintiff that she has a "nice ass" and asked her to remove her pants in his office bathroom and expose herself to him.

26.     During Plaintiff's employment, Defendant Liechtung told Plaintiff that he wanted to perform oral sex on her and left her crude voice mail messages that he wished to "put his head between her legs."

27.     During Plaintiff's employment, Defendant Liechtung directed Plaintiff to leave work earlier than her scheduled work hours so that he could leave the office with her or call her.

28.     On one occasion during Plaintiff's employment, Defendant Liechtung asked Plaintiff to bend over in front of him.

29.     During Plaintiff's employment, Defendant Liechtung told Plaintiff that his previous assistant did whatever he asked, and stated that if she did not comply with his sexual demands, he would fire her and hire someone else who would comply with his sexual demands.

30.     Throughout Plaintiff's employment, Defendant Liechtung continually had Plaintiff sit in his office with the door closed, and would keep her in his office to talk to her about very personal and non-work related issues.  Plaintiff was extremely uncomfortable with his actions and constantly tried to change the subject of such inappropriate conversations.

31.     During Plaintiff's employment, Defendant Liechtung used illegal drugs in his office and asked Plaintiff to partake, which she refused.

32.     In December 2005, Defendant Liechtung stated that he was going to fire Plaintiff if she did not attend the office Christmas party.

4

33.     During Defendants' office Christmas party, Defendant Liechtung demanded that Plaintiff meet him after the party was over or else he was going to fire her.  Plaintiff begrudgingly took a ride home from Defendant Liechtung, at which time he asked her to do illegal drugs with him, which she refused.

34.     On Plaintiff's last full day of employment, Defendant Liechtung brought Plaintiff into his office and locked the door behind her.  Defendant Liechtung then put one hand on the small of Plaintiff's back and tried to stick his hand down the back of her pants, while he forcibly grabbed her face and neck with his other hand to try to kiss her, while stating to Plaintiff "you make me so horny."

35.     During the incident described in paragraph 34 above, the force of Defendant Liechtung's grip on Plaintiff's face and neck left a red mark where he had grabbed her.  Plaintiff pushed Defendant Liechtung off of her, and tried to get away from him.

36.     Immediately after the incident described in paragraphs 34 and 35 above, Plaintiff had a few brief conversations with her co-worker, Fatimah Perez.

37.     Plaintiff left work at the end of the work day on which the incident described in paragraphs 34 and 35 above occurred, and spent a good portion of that evening in tears, due to the humiliating sexually harassing treatment she experienced from her boss, Defendant Liechtung.

38.     The day after the incident described in paragraphs 34 and 35 above, and shortly after Plaintiff arrived at Defendants' office for work, Defendant Liechtung followed Plaintiff into the kitchen area, threw her purse at her, and fired her.

39.     Defendant Liechtung's shocking conduct and termination of Plaintiff's employment caused Plaintiff to drop her coffee during the incident described in paragraph 38

above, at which point he stated that if she did not clean up the coffee, he would not pay her for the time that he owed her.

40.     During Plaintiff's employment, a patient of Manhattan Dental heard Defendant Liechtung make inappropriate sexual remarks about Plaintiff.  When the patient asked Defendant Liechtung if he was "staring at [Plaintiff's] ass," Defendant Liechtung responded, "I would like to tap her ass."  The patient then told Defendant Liechtung "you better be careful."  Defendant Liechtung responded to the patient, "this is not Wall Street."

41.     During Plaintiff's employment, her co-workers at Manhattan Dental witnessed Defendant Liechtung's sexually harassing conduct towards Plaintiff.

42.     Plaintiff did not consent to any of Defendant Liechtung's inappropriate and unwelcome sexual conduct.

43.     Plaintiff rejected all of Defendant Liechtung's inappropriate and unwelcome sexual conduct, advances and demands.

44.     Plaintiff complained about Defendant Liechtung's sexually harassing and inappropriate and unwelcome sexual conduct.

45.     Plaintiff continually asked Defendant Liechtung to stop his sexually harassing and inappropriate and unwelcome sexual conduct towards her.

46.     Defendant Liechtung did not comply with Plaintiff's requests to stop his sexually harassing conduct and, instead, he persisted in and escalated his sexual harassing conduct towards her.  Defendant Liechtung was very angry that Plaintiff rejected him and his sexual advances.

47.     On or about May 24, 2005, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

48.     On or about September 16, 2005, the EEOC mailed Plaintiff a Right to Sue Letter.

## AS AND FOR A FIRST CAUSE OF ACTION

49.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 48 inclusive of this complaint with the same force and effect as though fully set forth hereat.

50.     Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

51.     The discrimination against Plaintiff was sufficiently severe or pervasive to alter the conditions of her employment and it created an abusive working environment.

52.     Defendants knew or should have known of the harassment, and failed to take prompt remedial action to stop the harassment.

53.     Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices, unless and until this Court grants relief.

## AS AND FOR A SECOND CAUSE OF ACTION

54.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 53 inclusive of this complaint with the same force and effect as though fully set forth hereat.

55.     Defendants retaliated against Plaintiff and terminated Plaintiff's employment on the basis of her having complained of discrimination, in violation of Title VII, and terminated Plaintiff's employment due to her failure to acquiesce to Defendant Liechtung's sexual demands.

56.     Plaintiff has suffered and continues to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## AS AND FOR A THIRD CAUSE OF ACTION

57.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 56

inclusive of this Complaint with the same force and effect as though fully set forth hereat.

58.    The above acts and practices of the Defendants constitute unlawful discriminatory employment practices within the meaning of New York State Executive Law § 296.

59.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

### AS AND FOR A FOURTH CAUSE OF ACTION

60.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 59 inclusive of this complaint with the same force and effect as though fully set forth hereat.

61.    Defendants have retaliated against Plaintiff and have terminated Plaintiff's employment on the basis of her having complained of discrimination, in violation of the New York State Executive Law.

62.    Plaintiff has suffered and continues to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

### AS AND FOR A FIFTH CAUSE OF ACTION

63.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 62 inclusive of this complaint with the same force and effect as though fully set forth hereat.

64.    The above acts and practices of the Defendants constitute unlawful discriminatory employment practices within the meaning of Title 8 of the Administrative Code and Charter of the City of New York.

65.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

8

### AS AND FOR A SIXTH CAUSE OF ACTION

66.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 65 inclusive of this complaint with the same force and effect as though fully set forth hereat.

67.     Defendants have retaliated against Plaintiff and have terminated Plaintiff's employment on the basis of her having complained of discrimination, in violation of Title 8 of the Administrative Code and Charter of the City of New York.

68.     Plaintiff has suffered and continues to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

### AS AND FOR A SEVENTH CAUSE OF ACTION

69.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 68 inclusive of this complaint with the same force and effect as though fully set forth hereat.

70.     An inferred contract of employment existed between Plaintiff and Manhattan Dental.

71.     Defendant Liechtung was aware of such employment contract, yet intentionally interfered with it.

72.     Defendant Liechtung acted intentionally, with ill will, spite and/or hatred, with the sole purpose of harming Plaintiff.

73.     Defendant Liechtung used dishonest, unfair and improper means, in his interference with Plaintiff's employment.

74.     Plaintiff was terminated and suffered monetary damages as a proximate result of Liechtung's interference with Plaintiff's employment.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

75.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 74

inclusive of this complaint with the same force and effect as though fully set forth hereat.

76.   Defendants had a duty not to act negligently, recklessly or carelessly, and/or with callous indifference toward Plaintiff.

77.   Defendants breached their duty and have caused Plaintiff to suffer real and serious damages not caused in any way by Plaintiff.

### AS AND FOR A NINTH CAUSE OF ACTION

78.   Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 77 inclusive of this complaint with the same force and effect as though fully set forth hereat.

79.   Manhattan Dental had a duty not to act negligently, recklessly or carelessly, and/or with callous indifference toward Plaintiff.

80.   Liechtung was a supervisory employee of Manhattan Dental, and was negligently supervised by Manhattan Dental.

81.   Manhattan Dental knew or should have known of Liechtung's propensity for the conduct which caused injury to Plaintiff.

82.   Manhattan Dental breached its duty and has caused Plaintiff to suffer real and serious damage not caused in any way by Plaintiff.

### AS AND FOR A TENTH CAUSE OF ACTION

83.   Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 82 inclusive of this complaint with the same force and effect as though fully set forth hereat.

84.   Manhattan Dental had a duty not to act negligently, recklessly or carelessly, and/or with callous indifference toward Plaintiff.

85.   Liechtung was a supervisory employee of Manhattan Dental, and was negligently retained by Manhattan Dental.

10

86.     Manhattan Dental knew or should have known of Liechtung's propensity for the conduct which caused injury to Plaintiff.

87.     Manhattan Dental breached its duty and has caused Plaintiff to suffer real and serious damage not caused in any way by Plaintiff.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

88.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 87 inclusive of this complaint with the same force and effect as though fully set forth hereat.

89.     Manhattan Dental extended offers of generous compensation to Plaintiff, on account of her employment.

90.     Manhattan Dental further represented to Plaintiff, both by oral statements and by its own written employment polices and manuals, that Plaintiff would not be treated in a discriminatory fashion on account of her gender.

91.     Plaintiff relied on these representations and commitments as a term and condition of her employment relationship with Manhattan Dental, and as an inducement to accept and remain at her various positions.

92.     Defendants' wrongful and discriminatory treatment of Plaintiff, including but not limited to, its termination of Plaintiff's employment, constitutes a breach of these representations and commitments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

a.     First Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

b.      Second Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

c.      Third Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

d.      Fourth Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

e.      Fifth Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

f.      Sixth Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

g.      Seventh Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

h.      Eighth Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

i.      Ninth Cause of Action: in excess of $5,000,000.00, in back pay, front pay, benefits of employment, damages, compensatory damages, punitive damages, costs, interest and

attorney's fees;

       j.       Tenth Cause of Action: in excess of $5,000,000.00, in back pay, front pay,

benefits of employment, damages, compensatory damages, punitive damages, costs, interest and

attorney's fees;

       k.       Eleventh Cause of Action: in excess of $5,000,000.00, in back pay, front pay,

benefits of employment, damages, compensatory damages, punitive damages, costs, interest and

attorney's fees;

       l.       Attorney's fees and costs pursuant to 42 U.S.C.A. § 2000e-5(k), inter alia;

       m.       A Declaratory Judgment that Defendants willfully violated Plaintiff's rights

secured by federal and state law as alleged herein;

       n.       Injunctive relief; an injunction requiring Defendants to correct all present and past

violations of federal and state law as alleged herein; to enjoin Defendants from continuing to act

in violation of federal and state law as alleged herein; and to order such other injunctive relief as

may be appropriate to prevent any future violations of said federal and state laws;

       o.       An order granting such other legal and equitable relief as this court deems just and

proper.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY**</u>

Dated: December 12, 2005
      New York, New York

                               _____
                                 Attorneys for Plaintiff
                                 MARC W. GARBAR (MWG-9893)
                                 Garbar & Garbar, P.C.
                                 950 Third Avenue, 4th Floor
                                 New York, NY  10022
                                 (212) 688-8111